**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:25-CR-120 |
| | ) | |
| DAROD WHEELER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

A jury found Darod Wheeler guilty on two counts of distribution of a controlled substance. He now moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29. [DE 69.] The evidence against Wheeler was more than sufficient for a jury to find him guilty beyond a reasonable doubt. The motion is therefore denied.

## Background

Darod Wheeler was indicted following two sales of controlled substances to a confidential informant, Haley Gal. Count 1 charged him with distributing methamphetamine and fentanyl, and Count 2 charged him with distributing methamphetamine, fentanyl, and heroin, both in violation of 21 U.S.C. § 841(a)(1). [DE 8.] The indictment also alleged that Wheeler had a prior drug felony conviction, and the government filed an information under 21 U.S.C. § 851 regarding that conviction. [*Id.*; DE 11.]

The first sale occurred on July 24, 2025. Gal was driven to a meet-up with Wheeler. Law enforcement officers captured the hand-to-hand drug transaction with audio and video recording equipment on Gal's person and with a drone flying overhead. At trial, detectives testified that Gal was searched for contraband prior to the sale and none was found. After completing the transaction, Gal gave the drugs to Detective Patrick Sanders, who later sent them over to DEA chemists. The chemists testified at trial that the drugs tested positive for five or more grams of methamphetamine and a mixture and substance containing a detectable amount of fentanyl.

Gal participated in a second controlled purchase on July 29, 2025, which mirrored much of the first. Once again, she was searched for contraband, and none was found. Detective Sanders drove Gal—again equipped with recording equipment—to meet Wheeler, and a hand-to-hand drug transaction was caught on drone footage. DEA chemists testified that the drugs purchased from Wheeler tested positive for five grams or more of methamphetamine, a mixture and substance containing a detectable amount of fentanyl, and a mixture and substance containing a detectable amount of heroin.

Shortly after the second sale, members of the Porter County Multi-Enforcement Group executed a search warrant on Wheeler's residence. They found the same cash Gal used to purchase the drugs. The government presented photos of the cash at trial, and witness testimony confirmed the match.

I denied Wheeler's oral Rule 29 motion at the close of the government's evidence. Wheeler did not present any evidence of his own, and the case went to the jury, which convicted him on both counts. Wheeler now challenges the sufficiency of the evidence in a post-trial motion for judgment of acquittal. His argument is twofold. First, he notes that law enforcement officers did not check Gal's undergarments during the searches preceding both sales—a fact to which the officers and Gal testified on cross-examination. Second, Wheeler challenges the government's primary evidence at trial, the video footage of both purchases. He asserts that "each purported buy had moments in which Ms. Gal in part o[r] wholly could not be seen." [DE 69 at 3.] As a result, Wheeler contends the evidence establishes only a "strong suspicion" of criminal activity, which is not enough to find guilt beyond a reasonable doubt. [*Id.*] As I explain below, Wheeler has failed to demonstrate that he is entitled to a judgment of acquittal. His motion is therefore denied.

**Discussion**

A court must enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant seeking that relief faces a "nearly insurmountable hurdle." *United States v. Torres-Chavez*, 744 F.3d 988, 993 (7th Cir. 2014). Relief is available under Rule 29 only if the evidence, viewed in the light most favorable to the government, would not justify a rational trier of fact in finding the elements of the crime charged beyond a reasonable doubt. *United States v. Boros*, 636 F. App'x 688, 692 (7th Cir. 2016).

Wheeler cannot clear that hurdle. Gal testified that Wheeler sold her the drugs. She identified him in open court as the man who sold her the drugs. And for both buys, video evidence shows Wheeler selling her the drugs. Wheeler nonetheless argues that the jury's finding of guilt was based on speculation simply because Gal's underwear wasn't searched and because she wasn't fully visible for "moments" of the videos. [DE 69 at 3.]

I begin with the undergarment issue. Wheeler contends that because officers did not search Gal's underwear, the jury could not find beyond a reasonable doubt that the drugs came from him. I disagree. The jurors heard testimony from Gal and the officers that her underwear wasn't searched. Sure. But they also heard Gal's testimony that she received the drugs from Wheeler, and they saw video footage of the two exchanging drugs for cash in a hand-to-hand transaction. Confronted with this record, a rational factfinder could certainly conclude that the drugs came from Wheeler. To find that Gal had bags of drugs hidden in her underwear and met with Wheeler for a handshake would itself be irrational.

Wheeler's second argument—that there are moments in the videos where Gal was out of camera view—fares no better. First, this premise is disputed. The government responds that, through a combination of drone footage and the recording captured by equipment on Gal's person, the entirety of each controlled purchase was caught on camera. Second, Wheeler doesn't specify when in the videos Gal is supposedly out of view. His contention is simply that "each purported buy had

moments in which Ms. Gal in part or wholly could not be seen." [DE 71 at 2.] Even assuming Wheeler is correct, momentary gaps in the footage would not undermine the jury's verdict. The jurors saw the hand-to-hand transactions on video and heard Gal's testimony that Wheeler sold her the drugs. Viewing the evidence in the light most favorable to the government, a rational jury could find Wheeler guilty beyond a reasonable doubt on both counts.

**Conclusion**

For the foregoing reasons, Defendant Darod Wheeler's Motion for Judgment of Acquittal [DE 69] is **DENIED**.

**SO ORDERED**.

ENTERED: September 4, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT